IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Sylvia Cohoon,<br><br>           Plaintiff,<br><br>    v.<br><br>Corinthian Colleges, Inc. d/b/a Everest College,<br><br>           Defendant. | Civil Action No.: 1:13-cv-01236<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT & JURY DEMAND

For this Complaint, the Plaintiff, Sylvia Cohoon, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here, Plaintiff resides in this judicial district, and a substantial portion of the acts giving rise to this action occurred here.

### PARTIES

4. The Plaintiff, Sylvia Cohoon ("Plaintiff"), is an adult individual residing in Battle Creek, Michigan, and is a "person" as defined by 47 U.S.C. § 153(10).

5. Defendant Corinthian Colleges, Inc. d/b/a Everest College ("Corinthian"), is a California business entity with an address of 6 Hutton Centre Drive, Suite 400, Santa Ana, California 92707, and is a "person" as defined by 47 U.S.C. § 153(10).

1

## FACTS

6.     Within the last four years, Corinthian contacted Plaintiff on her cellular telephone in an attempt to solicit services to Plaintiff.

7.     At all times referenced herein, Corinthian placed calls to Plaintiff's cellular telephone using an automated telephone dialer system ("ATDS" or "predictive dialer") and/or by using an artificial or prerecorded voice.

8.     When Plaintiff answered calls from Corinthian, she would hear five seconds of static and clicks, before being connected to a live representative.

9.     Plaintiff had previously shown interest in, and had requested information in regards to Corinthian's services. However, during a conversation that took place during the week of October 14, 2013, Plaintiff informed Corinthian that she was no longer interested, and requested that Corinthian cease the automated calls to her cellular telephone.

10.    Despite Plaintiff's request, Corinthian continued to call Plaintiff's cellular telephone at a rate of over ten calls on a daily basis, using an automated dialer, in an attempt to solicit services to Plaintiff.

## COUNT I

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.*

11.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

12.    At all times mentioned herein and within the last four years, Corinthian called Plaintiff on her cellular telephone using an automatic telephone dialing system ("ATDS" or "Predictive Dialer") and/or by using a prerecorded or artificial voice.

13. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…" *2003 TCPA Order,* 18 FCC 36 Rcd 14022. The FCC explains that if a representative in not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id.* In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id.*

14. Corinthian's telephone systems appear to be a predictive dialer. Often times when Plaintiff answered the phone, she was met with a period of silence before Corinthian's telephone system would connect her to the next available representative.

15. Upon information and belief, Corinthian's predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

16. In the event Corinthian at one time had consent to contact Plaintiff on her cellular telephone, Plaintiff revoked her consent by her demand to cease calls to her cellular telephone.

17. Corinthian continued to place automated calls to Plaintiff's cellular telephone knowing there was no consent to continue the calls.  As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

18. The telephone number called by Corinthian was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

19. The calls from Corinthian to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

20. Each of the aforementioned calls made by Corinthian constitutes a violation of the TCPA.

21. As a result of each of Corinthian's negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

22. As a result of each of Corinthian's knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendant:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(1)(A);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

3. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: November 11, 2013

                          Respectfully submitted,

                          By: /s/ Sergei Lemberg, Esq.
                          Attorney for Plaintiff Sylvia Cohoon
                          LEMBERG & ASSOCIATES L.L.C.
                          1100 Summer Street
                          Stamford, CT 06905
                          Telephone: (203) 653-2250
                          Facsimile:   (888) 953-6237
                          Email: slemberg@lemberglaw.com